UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
    *Plaintiff*,

v.

CITY OF NEW HAVEN BOARD OF
EDUCATION,
    *Defendant*.

No. 3:17-cv-00617 (JAM)

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Tachica Callahan has filed this *pro se* lawsuit against defendant City of New Haven Board of Education alleging a violation of Title VII of the Civil Rights Act of 1964. Because I conclude that the complaint does not allege facts that give rise to plausible grounds for relief or that give fair notice to defendant about what plaintiff believes defendant did wrong, I will dismiss the complaint without prejudice to plaintiff's filing of an amended complaint within 30 days by December 7, 2017.

**BACKGROUND**

Plaintiff was employed by the New Haven Board of Education for five years before being terminated on April 13, 2010. Doc. #1 at 2. Plaintiff alleges that her termination violated the terms of a collective bargaining agreement between Local 3429 and the New Haven Board of Education. *Ibid.* Plaintiff was rehired in August 2014, and her work assignment was the Wexler Grant School Early Childhood/School Readiness program. *Ibid.* Plaintiff alleges that defendant "retaliated" against her on September 16, 2014, and "commenced a pattern of unreasonable, burdensome and punitive terminations against her." *Ibid.* Plaintiff further states that "the actions of the defendant constituted prohibited retaliation." *Ibid.* Plaintiff also alleges that defendant

1

retaliated against her because of her prior complaints of unlawful employment discrimination. *Id.* at 1. Plaintiff does not provide any factual elaboration or detail to explain or support her claims.

### DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although courts are obliged to interpret a *pro se* complaint liberally, even a *pro se* complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The complaint here states almost no facts as distinct from legal conclusions that defendant violated the law. The complaint alleges that defendant violated the law but without alleging any specific facts about what defendant did wrong. Because the complaint is so bare of facts—as distinct from conclusory allegations of violations of the law—defendant could not possibly file a meaningful answer or response to plaintiff's claims. *See Ferrarri v. U.S. Equities Corp.*, 2014 WL 5144736, at *3 (D. Conn. 2014) (dismissing a complaint that failed to "describe in any reasonable detail the individual conduct and responsibility of defendants … or make clear

why each of [the defendants] could plausibly be subject to liability for each and every one of the seriatim violations listed at the end of the complaint").

In view that the complaint does not comply with the basic fair notice requirements of Fed. R. Civ. P. 8 and does not otherwise allege facts that give rise to plausible grounds for relief, I will dismiss the complaint without prejudice to plaintiff's filing an amended complaint. Plaintiff is advised that any amended complaint should allege specific facts and approximate dates of any alleged misconduct by defendant. It is not sufficient for plaintiff simply to allege that defendant has violated the law without alleging the specific acts of misconduct engaged in by defendant that amounts to a violation of a specific law. For example, if plaintiff believes that she was subject to retaliation or discrimination, then she should allege facts describing precisely who engaged in specific acts on specific or approximate dates that amounted to retaliation or discrimination and on what basis she believes she was subject to retaliation or discrimination (*e.g.*, race, gender, etc.). Although plaintiff may refer to and attach documents to her complaint if she wishes, such attached documents are not a substitute for plaintiff alleging specific facts and legal claims that must be stated in the body of the complaint itself.

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may file an amended complaint within 30 days by December 7, 2017, that complies with the pleading requirements described above.

It is so ordered.

Dated at New Haven this 7th day of November 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

3