UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TACHICA CALLAHAN,
    *Plaintiff*,

v.

CITY OF NEW HAVEN BOARD OF
EDUCATION,
    *Defendant*.

No. 3:17cv-00617 (JAM)

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**

On February 14, 2019, defendant filed a motion for summary judgment. Defendant's motion did not comply with the Court's local rules for the filing of a motion for summary judgment in two ways that warrant its denial without prejudice.

First, although defendant submitted a Local Rule 56(a)(1) statement of material facts (Doc. #42), the statement does not contain any citations to source materials for each alleged statement of fact. *See* D. Conn. L. Civ. R. 56(a)(3) (requiring that each statement of fact in a Local Rule 56(a)(1) statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial, or (2) other evidence that would be admissible at trial").

Second, defendant did not file the required notice to a self-represented litigant informing plaintiff of the specific manner and format in which she must file any opposition to the motion for summary judgment. *See* D. Conn. L. Civ. R. 56(b) (describing notice requirements); *see also Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999) (reversing grant of summary judgment for failure to furnish proper notice).[1]

---

[1] After defendant filed its summary judgment motion and the Court noticed that defendant had failed to file a notice to the self-represented plaintiff, the Court *sua sponte* entered an order instructing defendant to file a notice pursuant

Plaintiff has opposed defendant's motion for summary judgment but, not having received a proper Local Rule 56(b) notice from defendant, her opposition papers do not comply with the Court's local rules. First, she has failed to file a proper Local Rule 56(a)(2) statement that states her agreement or disagreement with each of defendant's alleged facts in the Rule 56(a)(1) statement. *See* D. Conn. L. Civ. R. 56(a)(2)(i). Nor has she included a separate section of "Additional Material Facts" that sets forth any additional material facts, along with supporting citations to the record. *See* D. Conn. L. Civ. R. 56(a)(2)(ii). Plaintiff has filed her own statement of facts (Doc. #46-1) but her statement lacks fact-by-fact citation to affidavits or other admissible evidence of record as required under D. Conn. L. Civ. R. 56(a)(3).

The end result is that the Court is unable to discern from the parties' filings precisely what evidence supports each of their local rule statements of material fact and to what degree the parties actually disagree about material facts. The Court does not have a reliable factual basis to decide the motion for summary judgment.

Accordingly, because the parties have filed summary judgment papers that fail in major respects to comply with the requirements of the Court's local rules and because this failure is attributable to defendant's failure to follow the requirements of Local Rule 56, the Court DENIES defendant's motion for summary judgment (Doc. #39) without prejudice to defendant's re-filing of a properly supported motion for summary judgment by **May 6, 2019** that fully complies with the requirements of Local Rule 56. The Court CANCELS the previously-scheduled hearing on defendant's motion.

---

to D. Conn. L. Civ. R. 12 (Doc. #43) and defendant did so (Doc. #44). This was mistaken because defendant was required by the Local Rules to file a different form of notice as required under Local Rule 56(b) rather than the notice required for a motion to dismiss under Fed. R. Civ. P. 12. It is regrettable that the Court mistakenly instructed defendant to file the wrong type of notice, but of course it was defendant's responsibility in the first place to have filed the proper notice that was required under Local Rule 56(b) without the Court's prompting.

It is so ordered.

Dated at New Haven this 16th day of April 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge