**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TACHICA CALLAHAN,<br>    *Plaintiff*,<br><br>    v.<br><br>CITY OF NEW HAVEN BOARD OF<br>EDUCATION,<br>    *Defendant*. | No. 3:17-cv-617 (JAM) |

**ORDER DENYING MOTION TO VACATE SUMMARY JUDGMENT**

Plaintiff Tachica Callahan worked for the City of New Haven's public schools for five

years before the Board fired her in 2010 because of chronic attendance and tardiness problems.

In August 2014, Callahan applied for a paraprofessional position with the Board, and she was

hired yet again—but only for a few weeks before the Board's human resources department

realized that she had previously worked for the school system and been terminated. On that

basis, the Board fired her again.

Callahan filed this action against defendant City of New Haven Board of Education in

April 2017, alleging that the Board discriminated and retaliated against her when she was

terminated from her position as a paraprofessional in 2014. Doc. #1. In May 2019, the Board

moved for summary judgment, arguing that only after Callahan had been hired in 2014 did it

figure out that she had previously been fired in 2010 and so terminated her on that basis. Doc.

#54.

On December 18, 2019, I granted defendant's motion for summary judgment, concluding

on the basis of the parties' respective statements of material fact that there was no genuine

dispute of fact to support Callahan's discrimination and retaliation claims. *See Callahan v. City*

*of New Haven Bd. of Educ.*, 2019 WL 6918516 (D. Conn. 2019). Judgment for defendant was

entered on December 20, 2019, Doc. #74.

On January 13, 2020, Callahan filed a "Motion to Vacate Judgment and Remand for Further Fact-Finding," Doc. #75, accompanied by several hundred pages of exhibits and attachments, Docs. #75-1; #75-2. A few days later Callahan filed many more exhibits. Doc. #76. She brings her motion to vacate summary judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6). *See* Doc #75-1 at 16.[1]

## DISCUSSION

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)). A Rule 60(b) motion "cannot serve as an attempt to relitigate the merits." *Ren Yuan Deng v. New York State Office of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)).

Rule 60(b) provides several grounds upon which a motion may be based. Rule 60(b)(1) allows for relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect," and is "available for a district court to correct legal errors by the court." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *In re 310 Associates*, 346 F.3d 31, 34-35 (2d Cir. 2003)). Rule 60(b)(6), on the other hand, allows for relief from judgment based on "any other reason justifying relief." *Brien*, 588 F.3d at 175 (internal quotations omitted). "It is well established ... that a proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." *Oliphant v. Villano*, 2017 WL 3974234, at *2 (D. Conn.

---

[1] Although a party may file a motion for reconsideration of an adverse ruling, such a motion must be filed within seven days of the decision or order from which relief is sought. *See* D. Conn. L. Civ. R. 7(c)(1). Callahan's motion was filed well after the time for filing of a motion for reconsideration.

2017) (quoting *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004) (internal quotation marks

omitted)).

"Generally, courts require that the evidence in support of the [Rule 60(b)] motion to

vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act

sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar.*

*Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotations omitted). The Second Circuit has warned

that a Rule 60 motion "may not be used as a substitute for appeal." *Brien*, 588 F.3d at 176

(quoting *Matarese v. LeFevre,* 801 F.2d 98, 107 (2d Cir. 1986)).

Callahan's motion to vacate, with its voluminous attachments and exhibits, does not

satisfy the requirements for relief under either Rule 60(b)(1) or Rule 60(b)(6). Docs. #75; #75-1;

#75-2; #76. As an initial matter, her submissions appear to present more as an appeal than a

motion to vacate. Indeed, she opens her motion with the questions presented,

> Does the opinion in this case directly conflict with precedents of
> other Districts on two separate and distinct issues: 1. If the record
> reflects even the possibility of a material issue of fact, or if different
> inferences can be drawn reasonably from the facts, that doubt must
> be resolved against the moving party and summary judgment must
> be denied. 2. If the record reflects Callahan cited inapposite or
> applicable case law and [precedents].

Doc. #75 at 1.

Callahan's central argument in her motion to vacate appears to be that the judgment

should be vacated because she is representing herself. *See* Doc. #75-1 at 16 ("Plaintiff Callahan

understands she can ask for relief from the judgment under Federal Rule of Civil Procedure

60(b)(1) and (6), asserting that her status as a pro se litigant entitled him [her] to another try at

the merits of the case. The court should take into consideration and not deny motion. Plaintiff

understands she may be granted relief from judgment if her argument best fits under 60(b)(l),

which permits reopening within one year of judgment if the party shows 'mistake, inadvertence, surprise, or excusable neglect.'").[2]

As an initial matter, Callahan is no stranger to federal litigation, having brought several lawsuits in this Court aside from this one. *See Callahan v. Gateway Community College*, No. 17-cv-618-JAM (D. Conn. 2017); *Callahan v. Human Resource, Department of et al*, No. 18-cv-488-JAM (D. Conn. 2018); *Callahan v. ICare Health Network et al*, No. 19-cv-1679-JAM (D. Conn. 2019). And in any event, a litigant's *pro se* status is not enough to justify granting Rule 60(b) relief by itself. *See Perez v. By Your Side Homemaker & Companion Servs., LLC*, 2009 WL 1858263, at *2 (D. Conn. 2009) (citing as an example *Williams v. New York City Dep't of Corr.*, 219 F.R.D. 78, 84 (S.D.N.Y. 2003)); *see also e.g.*, *Toriola v. FJC Sec. Servs. Inc.*, 2017 WL 819483, at *4 (E.D.N.Y. 2017) ("Pro se litigants are not 'excused from the requirement that they produce highly convincing evidence to support a Rule 60(b) motion.'" (internal quotation marks omitted)).

To the extent that Callahan makes other arguments in support of her motion to vacate, they do not suffice for relief under Rule 60(b). Callahan appears to principally take issue with this Court's conclusions as to undisputed facts in the record. *See, e.g.*, Doc. #75 at 6 ("Plaintiff Callahan did deny many statements made by the defendant's Local Rule 56(a)(l) statement of material facts (Doc. #42)."); *id.* at 4-5 (specifically citing defendant's' exhibits Z, AA, DD, T, and N). But, as I noted in my ruling granting summary judgment, "Callahan does not cite any independent evidence to suggest discriminatory motive in her Rule 56(a)(2) statement, nor do her

---

[2] *See also* Doc. #75-1 at 16 ("Callahan being an inexperienced in litigation hopes to get another bite at the apple. Callahan is not a legally trained expert, and this has not been a walk in the park hoping to prove her claims charged against the defendant. Callahan understands the requirement is to cite admissible evidence in support of [her] arguments, see FED. R. Civ. P. 56(c). But Callahan does not have the necessary tools to do so and did her best to cite information having knowledge of citation rules per writing in MLA and AP A formats."); *id.* at 24-25 ("Ms. Callahan is proceeding pro se in this case . . . Callahan hopes that the Court understands she did the best she could to provide legible pleadings, responses, motions, citations with time being limited to put on her case.").

unmarked and undifferentiated submissions alongside her briefing, *see* Doc. #59-1, appear to contain any evidence of discrimination on the basis of race, sex, age, or marital status." *Callahan*, 2019 WL 6918516, at \*6.

Overall, Callahan's Rule 60(b) motion amounts to an attempt to relitigate the summary judgment motion, "which is improper." *Ren Yuan Deng*, 783 F. App'x at 74 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Indeed, at times Callahan's memorandum of law for her motion to vacate repeats verbatim passages from her memorandum of law in opposition to defendant's' motion for summary judgment. *Compare, e.g.*, Doc. #75 at 24-25 *with* Doc. #61 at 13-14. Callahan has not provided sufficient justification to warrant vacating the summary judgment against her, under either Rule 60(b)(1) or Rule 60(b)(6). *See Perez v. By Your Side Homemaker & Companion Servs., LLC*, 2009 WL 1858263, at \*2-\*3 (D. Conn. 2009) (concluding the same in the context of a *pro se* plaintiff seeking relief from a default judgment). Accordingly, I conclude that there are no grounds to vacate my ruling granting defendant's motion for summary judgment.

### CONCLUSION

For the reasons set forth above, the Court DENIES plaintiff Callahan's motion to vacate summary judgment in favor of defendant City of New Haven Board of Education. Doc. #75.

It is so ordered.

Dated at New Haven this 10th day of August 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge